IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID CASH MOORE | § |
| | § |
| V. | § C.A. NO. C-03-330 |
| | § |
| SGT. PALACIOS, ET AL. | § |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND TO SHOW CAUSE FOR PROTECTION

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's "Motion for the Appointment of Counsel, Show Cause for Protective Measures or Other Relief with Respect to Reprisals Against Witnesses and Arbitrary Legal Visit Denials and 'Diesal Therapy' of "One Trained in the Law" (D.E. 61, 65).[1] For the reasons stated herein, plaintiff's motions are denied.

### I. Procedural background

Plaintiff is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff filed suit on September 2, 2003, alleging numerous causes of action against various prison officials and officers (D.E. 1). At a December 17, 2003, evidentiary hearing, plaintiff announced that he was abandoning all of his claims except his retaliation claim against defendant Sgt. Palacios (D.E. 20, 23).

On March 8, 2004, plaintiff was granted leave to amend his complaint to better detail his claim against Sgt. Palacios (D.E. 32). Plaintiff was denied leave to add Officer A. Gonzales as a defendant. Id. Plaintiff again sought leave to add Officer A. Gonzales as a defendant (D.E. 42, 43), and on October 22, 2004, plaintiff's motion was granted (D.E. 45), and service was ordered on Gonzales (D.E. 46).

March 18, 2005 was the last day for parties to designate experts, and April 15, 2005, was the discovery and dispositive motion deadline (D.E. 54). No dispositive motions were filed by either party.

---

[1] D.E. 61 consists of plaintiff's motion, pp. 1-5, and an affidavit, pp. 6-33. D.E. #65 consists of the affidavit only.

No trial date has been set.

## II.  Plaintiff's alleged grounds for appointment of counsel and for protection

Plaintiff argues that appointment of counsel is warranted because defendants are hindering his efforts to prosecute this case.  He points out that Offender Beard, a trained paralegal who was assisting him in this action, was transferred to another unit, and that other paralegal inmates are afraid to assist plaintiff because of the "hostile" atmosphere and for fear they, too, will be transferred.  Plaintiff alleges that officials will not cooperate in discovery matters, and that certain materials have been lost and not produced to plaintiff.  He suggests that his mail has been tampered with and he fears that he will not have the necessary documents, including medical records, to prosecute his case.  He complains that he does not have access to the internet, placing him at a disadvantage compared to the Attorney General defending this case.

## III.  Discussion

No constitutional right to appointment of counsel exists in civil rights cases.  Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994).  A district court is not required to appoint counsel unless "exceptional circumstances" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)).  Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  The court should also consider  whether appointed counsel would aid in the efficient and equitable disposition of the case."  Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Regarding the first factor, plaintiff's retaliation claims against Sgt. Palacios and Officer Gonzales do not present any complexities that are unusual in prisoner actions.  The second and third factors are

whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. On occasion, he has sought and received court assistance concerning the production of documents. See e.g., D.E. 51, ordering defendants to respond to plaintiff's motion compelling discovery. Moreover, discovery has ended and therefore, no further discovery disputes should arise.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. At this point, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel (D.E. 61, 65), is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

To the extent plaintiff is seeking "protection" from defendants or assistance in prosecuting his case, his request is denied.

ORDERED this 27th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE