IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID CASH MOORE | § |
| | § |
| V. | §  C.A. NO. C-03-330 |
| | § |
| SGT. PALACIOS, ET AL. | § |

**ORDER DENYING PLAINTIFF'S MOTION
TO SUPPLEMENT COMPLAINT AND FOR HEARING**

Plaintiff seeks leave of court to supplement his complaint to add additional claims against defendants and unnamed McConnell Unit officials and officers (D.E. 63, 64).[1] In particular, plaintiff claims that defendants have: (1) denied him access to the law library by failing to process his I-60 requests; (2) ignored his pleas for legal visits with other inmates; and (3) denied his grievances against correctional officers who are tampering with a witness named "Bond" without Bond's knowledge. Plaintiff claims that defendants' actions have impeded him from meeting court deadlines in his criminal litigation. He seeks a court order authorizing him to have legal visits with each of his potential witnesses for the purpose of obtaining witness statements and/or affidavits for trial.

Though titled a motion to supplement, plaintiff fails to state with any particularity a cognizable claim against either of the named defendants in this action, Sgt. Palacios or Officer Gonzales.[2] To the extent plaintiff is attempting to amend his complaint to state a claim for denial of access to the courts, he fails to demonstrate that he suffered an "actual injury" concerning a pending case. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 2180-82 (1996)). Plaintiff's conclusory statement that he has been impeded in his criminal action

---

[1] Docket entries 63 and 64 are identical.

[2] Plaintiff has included in the style of his case an "E. Garcia" as a defendant. The only defendants are Sgt. Palacios and Officer Gonzales.

fails to state a claim for relief. Moreover, this case has been pending since September, 2003. To add new claims of denial of access to the courts against new defendants would result in unnecessary delay. Plaintiff's motion to supplement (D.E. 63, 64) is denied. In addition, no telephone conference is necessary, and plaintiff's request for a telephonic hearing is denied.

Plaintiff seeks an order so that he can meet with his witnesses; however, he admits that he is in administrative segregation. Court interference with a prison's daily operations is rarely warranted, and there are no exceptional circumstances to warrant such relief here. Instead, for each witness from whom plaintiff desires to obtain a statement in this case, plaintiff may identify the witness and file a written statement as to what he believes the witness' testimony will be, and plaintiff may request that the witness be called to appear at trial. Plaintiff is instructed to file the proposed witness list and statements within thirty (30) days of the date of entry of this order. The pleading should be titled "Plaintiff's Proposed Witness List and Testimony."

ORDERED this 27th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE