IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MOORE | § | |
| TDCJ-CID #801362 | § | |
| | § | |
| v. | § | C.A. NO. C-03-330 |
| | § | |
| SERGEANT PALACIOS AND | § | |
| OFFICER GONZALES | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

In this § 1983 civil rights action, plaintiff claims that defendants knowingly interfered with his First Amendment right of access to the courts and retaliated against him for exercising that right. (D.E. 1). Defendants move for summary judgment to dismiss plaintiff's claims for failure to state a claim and on the grounds of qualified immunity. (D.E. 141). Plaintiff has filed a response in opposition. (D.E. 142). On November 27, 2006, defendants' motion for summary judgment was granted and final judgment was entered. (D.E. 144, 145). Pending is plaintiff's motion for reconsideration. (D.E. 154).

## DISCUSSION

A motion to reconsider is timely "filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). Such a motion is clearly late. Eleby v. Am. Med. Sys., Inc., 795 F.2d 411, 412 (5th Cir. 1986). Accordingly, plaintiff's motion will be construed as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id.

Rule 60(b) of the Federal Rules of Civil Procedure provides parties with the means to seek relief from any judgment or order of the Court. The rule sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party;

(4) the judgment is void; and (5) satisfaction, discharge or release of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5).  In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).

First, plaintiff seeks relief pursuant to Rule 60(b)(4) on the basis that the Court lacked jurisdiction because the decision was rendered by a magistrate judge.  A judgment is considered void for purposes of Rule 60(b)(4) if the Court acted "outside its legal powers."  Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998) (citations omitted).  "A judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996) (quoting Williams v. New Orleans Pub. Serv., Inc., 728 F.2d 730, 735 (5th Cir. 1984) (citation omitted)).  However, a judgment is not void merely because it was erroneous.  Id.  Relief pursuant to Rule 60(b) is an extraordinary remedy, and accordingly, "'[i]n the interests of finality, the concept of void judgments is narrowly construed.'"  Carter, 136 F.3d at 1007 (citation omitted).

On December 17, 2003, plaintiff consented to proceed before a magistrate judge.  (D.E. 21).  On June 28, 2004, defendants consented to proceed before a magistrate judge.  (D.E. 37).  Consequently, this action was reassigned "to United States Magistrate Judge B. Janice Ellington for all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c)."  (D.E. 39).  On June 16, 2006, Magistrate Judge Ellington recused herself from this action.  (D.E. 117).  On June 22, 2006, the action was reassigned to the undersigned magistrate judge.  (D.E. 120).

Consent to proceed before a magistrate must be express consent and not inferred from a party's conduct.  McGinnis v. Shalala, 2 F.3d 548, 551-52 (5th Cir. 1993).  Here, plaintiff personally signed the form consenting to proceed before a magistrate judge.  (D.E. 21).  The Fifth Circuit has determined that this signature establishes the necessary indicia of consent.  United States v Muhammad, 165 F.3d 327, 331 (5th Cir. 1999).

Plaintiff relies on Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) to support his argument that there is no consent.  (D.E. 154, at 9).  In Neals, however, the plaintiff had consented and there was no consent by the defendants because they had not been served yet.  59 F.3d at 532.  The Fifth Circuit determined that the magistrate judge did have jurisdiction to dismiss the plaintiff's action.  Id.  Nothing in Neals supports plaintiff's argument that either of the magistrate judges assigned to this action lacked jurisdiction.

Section 636 indicates that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge."  28 U.S.C. § 636(c)(4) (emphasis added).  Plaintiff appears to be arguing that this Court lacked jurisdiction because of the recusal by the previously assigned magistrate judge.  He notes that the firm of his court appointed attorney was subsequently retained to represent the magistrate judge in a state court civil matter.  This attorney-client relationship was formed after the appointment of plaintiff's attorney and once created caused the magistrate judge to recuse herself.

Plaintiff fails to provide any support that such a recusal establishes extraordinary circumstances warranting the vacating of a referral.  Indeed, plaintiff never filed a motion seeking to vacate the referral after the order of recusal and subsequent order of reassignment

were issued.  He only complains now in this motion to reconsider after the motion for summary judgment was granted in defendants' favor.  Therefore, he has failed to demonstrate any extraordinary circumstances.  Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 292 (5th Cir. 2002).

Second, plaintiff seeks relief pursuant to Rule 60(b)(3) on the basis of fraud or misconduct by defendant.  The Fifth Circuit has explained that "[a] party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." Hesling v. CSX Transp., Inc., 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).  As the moving party, plaintiff "has the burden of proving the misconduct by clear and convincing evidence."  Id. (citation omitted).

Plaintiff seeks reconsideration and sanctions based on Local Rule 11.4 and Local Rule 46.  Local Rule 11.4 states that "[a] paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court."  Local Rule 46 states "[o]bjections to admissibility of exhibits must be made at least three business days before trial by notifying the Court in writing of the disputes, with copies of the disputed exhibit and authority."  He fails to provide any support for this argument.  Indeed, regarding Local Rule 46, this action never went to trial.  He fails to demonstrate that any action by defendants constituted fraud or misconduct warranting relief pursuant to Rule 60(b)(3).

Finally, plaintiff seeks relief pursuant to Rule 60(b)(6), alleging fraud by his court appointed counsel.  (D.E. 154, at 7-8).  His argument can at best be labeled as conclusory and unsubstantiated.  The Fifth Circuit has repeatedly determined that conclusory allegations are not

favored.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (conclusory allegations of

retaliation are insufficient); McAfee v. 5th Circuit Judges, 884 F.2d 221, 222 (5th Cir. 1989)

(conclusory allegations lacking reference to material facts are not sufficient to state a claim of

conspiracy under section 1983).

Furthermore, plaintiff's allegation of fraud appears to be linked to his assertion that the

recusal by Magistrate Judge Ellington created a lack of jurisdiction for the undersigned

magistrate judge to hear this action.  Specifically, plaintiff argues that there was a conflict of

interest between his court appointed counsel because her firm represented the previously

assigned magistrate judge.  (D.E. 154, at 7).  He asserts that his attorney "was appointed solely to

protect B. Janice Ellington's interest in not appearing as a witness for plaintiff."  Id. at 7-8.  To

the extent that the basis for his Rule 60(b)(3) motion is the same as his Rule 60(b)(6) motion,

relief is unavailable.  Hesling, 396 F.3d at 643 ("Hesling cannot obtain relief under 60(b)(6)

where the allegations of fraud or misconduct are essentially the identical grounds for relief

sought under her 60(b)(3) motion.").

## CONCLUSION

Plaintiff has failed to establish a basis for relief pursuant to Rule 60(b).  Accordingly, his

motion for reconsideration, (D.E. 154), is hereby DENIED.

ORDERED this 23rd day of January 2007.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE