IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MOORE | § | |
| | § | |
| v. | § | C.A. NO. C-03-330 |
| | § | |
| SERGEANT PALACIOS, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR
TRANSCRIPTS AT THE GOVERNMENT'S EXPENSE**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for transcripts at the government's expense. (D.E. 169). During the course of this litigation, there have been numerous telephonic hearings. (D.E. 170). Specifically, he requests transcripts from six telephonic hearings. Id. The December 17, 2003 evidentiary hearing was a Spears hearing.[1] (D.E. 20). The rest of these hearings generally deal with administrative matters or discovery disputes.

Plaintiff asserts that he ought not be required to pay for the requested transcripts due to his indigent status. His motion to proceed in forma pauperis on appeal, (D.E. 165), was granted. (D.E. 167). However, "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Plaintiff was present for all of the telephonic hearings except the last one on July 10, 2006.  That hearing concerned discussions about the reassignment of the action to another magistrate judge as well as a motion to amend the scheduling order.  After this hearing, an amended scheduling order was issued.  (D.E. 125).  Plaintiff has failed to specify how any of the transcripts are necessary to effectively argue his appeal.  He has not addressed why he is unable to argue his appeal based on his personal knowledge of the hearings, and more importantly, on the motions and orders addressing those motions.

Accordingly, plaintiff's motion for transcripts at the government's expense, (D.E. 169), is DENIED.

ORDERED this 23rd day of April 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE