IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MOORE | § | |
| | § | |
| v. | § | C.A. NO. C-03-330 |
| | § | |
| SERGEANT PALACIOS, ET AL. | § | |

## **ORDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for a copy of his docket sheet, an order requiring that he be provided with computer access, and relief concerning his loan requests. (D.E. 187). Specifically, he seeks computer access to review a compact disc and engage in legal research. Id. at 1-3. Moreover, he complains of the fact that requests through TDCJ's intraloan program are not produced in a timely manner. Id. at 2. Finally, he asserts that he should be allowed to seal and label as "legal mail" intraloan requests sent to services outside of TDCJ. Id. at 3.

Plaintiff seeks computer access to review a compact disc. See (D.E. 183). However, this compact disc simply contains electronic versions of all of the docket entries in this action. Plaintiff should have maintained such documents as part of his litigating this action.

More important, prisoners have no constitutional right to computer access. Lehn v. Hartwig, 13 Fed. Appx. 389, 392 (7th Cir. May 3, 2001) (order) (unpublished); see also Byrd v. L.C.S. Corr. Servs., Inc., No. 07-0029, 2007 WL 2156583, at 16 n.2 (E.D. La. Apr. 27, 2007) ("plaintiff's claim that he has been (or will be) denied use of computers or access to printers does not state a viable access to courts claim"). Moreover, as plaintiff is currently incarcerated at the Ramsey II Unit in Rosharon, Texas, any claim about computer access should be filed in the Galveston Division of the Southern District of Texas. Accordingly, plaintiff's claim regarding

access to computers is hereby DENIED.

Similarly, plaintiff's request that he be allowed to seal his external loan requests as "legal mail" as well as his complaint that the internal loan requests are processed too slowly should be raised in the Galveston Division. Accordingly, plaintiff's claims regarding loan requests are hereby DENIED.

However, plaintiff's motion for a copy of his docket sheet, an order requiring that he be provided with computer access, and relief concerning his loan requests, (D.E. 179), is also GRANTED in part. The Clerk is ORDERED to send plaintiff a current copy of his docket sheet.

ORDERED this 27th day of August 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE