IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MOORE | § | |
| | § | |
| v. | § | C.A. NO. C-03-330 |
| | § | |
| SERGEANT PALACIOS, ET AL. | § | |

## **ORDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Stringfellow Unit in Rosharon, Texas. Pending is plaintiff's motion for copies and review of records. (D.E. 195). Specifically, he seeks copies of legal treatises and law journals. Id. at 1-2. He also again seeks computer access. Id. at 1.

Plaintiff has previously requested computer access to review a compact disc. See (D.E. 187). That request was denied. (D.E. 188). In this pending motion, he appears to have reiterated the request for computer access. First, the compact disc he is seeking to access simply contains electronic versions of all of the docket entries in this action. Plaintiff should have maintained such documents as part of his litigating this action.

More important, prisoners have no constitutional right to computer access. Lehn v. Hartwig, 13 Fed. Appx. 389, 392 (7th Cir. May 3, 2001) (order) (unpublished); see also Byrd v. L.C.S. Corr. Servs., Inc., No. 07-0029, 2007 WL 2156583, at 16 n.2 (E.D. La. Apr. 27, 2007) (unpublished) ("plaintiff's claim that he has been (or will be) denied use of computers or access to printers does not state a viable access to courts claim"). Accordingly, plaintiff's claim regarding access to computers is hereby DENIED.

Regarding his request for the treatises and journals, he cites Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) to support his request. (D.E. 195, at 1). That case held that "[i]n

order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton, 122 F.3d at 293 (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)). It does not stand for the proposition that the Clerk's Office must provide legal research to a pro se plaintiff who is proceeding in forma pauperis. Accordingly, plaintiff's claim seeking copies of legal treatises and law journals is hereby DENIED.

Accordingly, plaintiff's motion for copies and review of records, (D.E. 195), is hereby DENIED.

ORDERED this 17th day of January 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE